Harajuku Lovers LLC v. Forever 21 Inc et al                                                                                      Doc.

**SEND**

FILED
CLERK, U.S. DISTRICT COURT

JUN 15 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARAJUKU LOVERS, LLC, | Case No. CV 07-3881-ODW(SSx) |
| Plaintiff(s), | STANDING ORDER REGARDING NEWLY ASSIGNED CASES |
| v. | |
| FOREVER 21, INC., et al., | |
| Defendant(s). | |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to the calendar of United States District Judge Otis D. Wright II. The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well. "To secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P.1, all counsel are hereby ordered to familiarize themselves with the Fed. R. Civ. P. , particularly Fed. R. Civ. P. 16, 26, the Local Rules of the



DOCKETED ON CM

JUN 19 2007

BY

1  Central District of California, this Court's Order for Jury Trial, and this Court's

2  Order for Court Trial.[1]

3

4  **UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING**

5  **RULES SHALL APPLY:**

6      **1.      Service of the Complaint**. The Plaintiff(s) shall promptly serve the

7  Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service

8  pursuant to Local Rule. Any Defendant(s) not timely served shall be dismissed

9  from the action without prejudice. Any "DOE" or fictitiously-named Defendant(s)

10  who is not identified and served within 120 days after the case is filed shall be

11  dismissed pursuant to Fed. R. Civ. P. 4(m).

12      **2.      Removed Actions**. Any answers filed in state court must be refiled

13  in this Court as a supplement to the petition. Any pending motions must be re-

14  noticed in accordance with Local Rule. If an action is removed to this Court that

15  contains a form pleading, i.e., a pleading in which boxes are checked, the party or

16  parties utilizing the form pleading must file an appropriate pleading with this

17  Court within thirty (30) days of receipt of the Notice of Removal. The appropriate

18  pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8,

19  9, 10 and 11.

20      **3.      Presence of Lead Counsel.** The attorney attending any proceeding

21  before this Court, including all status and settlement conferences, must be the lead

22  trial counsel.

23      **4.      Discovery.** All discovery matters have been referred to a United

24  States Magistrate Judge. (The Magistrate Judge's initials follow the Judge's

25

26      ――――――――――――

27      [1] Copies of the Local Rules are available on the Central District's website at "http://www.cacd.uscourts.gov."

28                                          2

SCANNED

1  initials next to the case number.)  All documents must include the words

2  "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are

3  directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule

4  matters for hearing.  Please do <u>not</u> deliver courtesy copies of these papers to this

5  Court.

6      The decision of the Magistrate Judge shall be final, subject to modification

7  by the District court only where it has been shown that the Magistrate Judge's

8  order is clearly erroneous or contrary to law.  Any party may file and serve a

9  motion for review and reconsideration before this Court.  The moving party must

10  file and serve the motion within ten (10) days of service of a written ruling or

11  within ten (10) days of an oral ruling that the Magistrate Judge states will not be

12  followed by a written ruling.  The motion must specify which portions of the text

13  are clearly erroneous or contrary to law, and the claim must be supported by points

14  and authorities.  Counsel shall deliver a conformed copy of the moving papers and

15  responses to the Magistrate Judge's clerk at the time of filing.

16  **5.    Motions - General Requirements**

17      a.  <u>Time for Filing and Hearing Motions</u>:  Motions shall be filed in

18  accordance with Local Rule 7.  This Court hears motions on Mondays, beginning

19  at 1:30 p.m.  If Monday is a national holiday, motions will be heard on the next

20  Monday.  If the motion date selected is not available, the Court will issue a minute

21  order continuing the date.  Opposition or reply papers due on a holiday must be

22  filed the preceding Friday - not the following Tuesday, and must be hand-

23  delivered or faxed to opposing counsel on that Friday.  Professional courtesy

24  dictates that moving parties should, whenever possible, avoid filing motions for

25  which opposition papers will be due the Friday preceding a holiday.  Such a filing

26  is likely to cause a requested continuance to be granted.

27

28                                             3

1    Adherence to the timing requirements is mandatory for Chambers'

2    preparation of motion matters.

3    b.  <u>Pre-filing Requirement</u>:  Counsel must comply with Local Rule 7-3,

4    which requires counsel to engage in a pre-filing conference "to discuss

5    thoroughly . . . the substance of the contemplated motion and any potential

6    resolution."  Counsel should discuss the issues to a sufficient degree that if a

7    motion is still necessary, the briefing may be directed to those substantive issues

8    requiring resolution by the Court.  Counsel should resolve minor procedural or

9    other non-substantive matters during the conference.  The *pro per* status of one or

10    more parties does not negate this requirement.

11    c.  <u>Length and Format of Motion Papers</u>:  Memoranda of points and

12    authorities in support of or in opposition to motions shall not exceed 25 pages.

13    Replies shall not exceed 12 pages.  Only in rare instances and for good cause

14    shown will the Court grant an application to extend these page limitations.

15    If documentary evidence in support of or in opposition to a motion exceeds 50

16    pages, the evidence must be in a separately bound and tabbed pleading and include

17    a table of contents.  If such evidence exceeds 200 pages, the Court's courtesy copy

18    of such evidence shall be placed in a Slant D-Ring binder, including table of

19    contents, with each item of evidence separated by a tab divider on the right side.

20    NOTE:  Times New Roman font must be used; the font size must be no less

21    than 14.  Footnotes shall be in typeface no less than two sizes smaller than text

22    size and shall be used sparingly.  All other typeface regulations are governed by

23    Local Rule 11-3.1.1.

24    Filings that do not conform to the Local Rules and this Order will not be

25    considered.

26    d.  <u>Citations to Case Law</u>:  Citations to case law must identify not only the

27

28    4

1  case cited, but the specific page referenced.

2       e.  <u>Citations to Other Sources</u>:  Statutory references should identify with

3  specificity the sections and subsections referenced (*e.g.*, Jurisdiction over this

4  cause of action may appropriately be found in 47 U.S.C. § 33, which grants the

5  district courts jurisdiction over all offenses of the Submarine Cable Act, whether

6  the infraction occurred within the territorial waters of the United States or on

7  board a vessel of the United States outside said waters).  Statutory references that

8  do not specifically indicate the appropriate section and subsection (*e.g.*, Plaintiffs

9  allege conduct in violation of the Federal Electronic Communication Privacy Act,

10  18 U.S.C. § 2511, et seq.) are to be avoided.  Citations to treatises, manuals, and

11  other materials should include the volume, section, and pages being referenced.

12       f.  <u>Oral Argument</u>:  If the Court deems a matter appropriate for decision

13  without oral argument, the Court will notify the parties in advance.

14       **6.    Specific Motion Requirements**

15       a.  <u>Motions Pursuant to Rule 12</u>:  Many motions to dismiss or to strike can

16  be avoided if the parties confer in good faith (as required under Local Rule 7-3),

17  especially for perceived defects in a complaint, answer, or counterclaim that could

18  be corrected by amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.

19  1996) (where a motion to dismiss is granted, a district court should provide leave

20  to amend unless it is clear that the complaint could not be saved by any

21  amendment).  Moreover, a party has the right to amend the complaint "once as a

22  matter of course at any time before a responsive pleading is served." Fed. R. Civ.

23  P. 15(a).  A Rule 12(b)(6) motion is not a responsive pleading and therefore

24  plaintiff might have a right to amend.  *See St. Michael's Convalescent Hospital v.*

25  *California*, 643 F.2d 1369, 1374 (9th Cir. 1981); *Nolen v. Fitzharris*, 450 F.2d

26  958, 958-59 (9th Cir. 1971).  Even after a complaint has been amended or a

27

28                                              5

1  responsive pleading has been served, the Federal Rules provide that leave to

2  amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a).

3  The Ninth Circuit requires that this policy favoring amendment be applied with

4  "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074,

5  1079 (9th Cir. 1990).

6      These principles require that plaintiff's counsel carefully evaluate

7  defendant's contentions as to the deficiencies in the complaint. In most instances

8  the moving party should agree to any amendment that would cure the defect.

9      b.  <u>Motions to Amend</u>: In addition to the requirements of Local Rule 15-1,

10 all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be

11 serially numbered to differentiate the amendment from previous amendments; and

12 (3) state the page and line number(s) and wording of any proposed change or

13 addition of material.

14     The parties shall deliver to Chambers a "redlined" version of the proposed

15 amended pleading indicating all additions and deletions of material.

16     c.  <u>Summary Judgment Motions</u>: Parties need not wait until the motion

17 cutoff to bring motions for summary judgment or partial summary judgment.

18 However, the court expects that the party moving for summary judgment will

19 provide more than the minimum twenty-one (21) day notice for motions. Because

20 summary judgment motions are fact-dependent, parties should prepare papers in a

21 fashion that will assist the court in absorbing the mass of facts (*e.g.*, generous use

22 of tabs, tables of contents, headings, indices, etc.). The parties are to comply

23 precisely with Local Rule 56-1 through 56-4.

24         i.  <u>Statement of Undisputed Facts and Statement of Genuine Issues</u>:

25     The separate statement of undisputed facts shall be prepared in a two-

26 column format. The left hand column sets forth the allegedly undisputed fact.

27

28                                          6

The right hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left hand column must restate the allegedly undisputed fact, and the right hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. The court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right hand column the evidence that supports that statement.

ii. <u>Supporting Evidence</u>: No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in

7

1 | support of opposition to a motion for summary judgment. The court will not

2 | consider such material.

3 |       Evidence submitted in support of or in opposition to a motion should be

4 | submitted either by way of stipulation or as exhibits to declarations sufficient to

5 | authenticate the proffered evidence, and should not be attached to the

6 | memorandum of points and authorities. The court will accept counsel's

7 | authentication of deposition transcripts, written discovery responses and the

8 | receipt of documents in discovery if the fact that the document was in the

9 | opponent's possession is of independent significance. Documentary evidence as

10 | to which there is no stipulation regarding foundation must be accompanied by the

11 | testimony, either by declaration or properly authenticated deposition transcript, of

12 | a witness who can establish authenticity.

13 |       iii. <u>Objections to Evidence</u>: If a party disputes a fact based in

14 | whole or in  part on an evidentiary objection, the ground of the objection, as

15 | indicated above, should be stated in a separate statement but not argued in that

16 | document.

17 |       **7.**   **Proposed Orders**. Each party filing or opposing a motion or seeking

18 | the determination of any matter shall serve and lodge a proposed order setting

19 | forth the relief or action sought and a brief statement of the rationale for the

20 | decision with appropriate citations.

21 |       **8.**   **Courtesy Copies**: A conformed courtesy copy of an opposition,

22 | reply, ex parte document, or notice of settlement/dismissal shall be placed in the

23 | drop-box outside chambers. <u>All original filings are to be filed at the filing window</u>

24 | <u>(Clerk's Office, Room G-19), NOT in chambers and NOT in the courtroom.</u>

25 |       **9.**   **Telephonic Hearings.** The Court does not permit appearances or

26 | arguments by way of telephone conference calls.

27 |

28 |                             8

1    **10.    Ex Parte Applications**.  The Court considers ex parte applications

2    on the papers and does not usually set these matters for hearing.  If a hearing is

3    necessary, the parties will be notified.  Ex parte applications are solely for

4    extraordinary relief and should be used with discretion.  Sanctions may be

5    imposed for misuse of ex parte applications.  *See Mission Power Engineering Co.*

6    *v. Continental Casualty Co.,* 883 F.Supp. 488 (C.D. Cal. 1995).

7        Counsel's attention is directed to Local Rules.  Applications that fail to

8    conform to Local Rule 7-19 and 7-19.1, **including a statement of opposing**

9    **counsel's position,** will not be considered except on a specific showing of good

10   cause.  In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving

11   party shall, following service of the ex parte papers by facsimile transmission or

12   personal service, notify the opposition that opposing papers must be filed no later

13   than twenty four (24) hours following service, except in cases where the opposing

14   party has not previously appeared (i.e. responded to the Complaint).  In those

15   cases where the opposing party has not previously appeared, the moving party

16   shall, following service of the ex parte papers by facsimile or personal service,

17   notify the opposition that opposing papers must be filed no later than forty eight

18   (48) hours following service.  A conformed courtesy copy of moving, opposition,

19   or notice of non-opposition papers are to be hand-delivered to the courtesy box

20   outside the entrance to Judge Wright's chambers on the Spring Street level of the

21   U.S. Courthouse, 312 North Spring Street.  Counsel will be notified by the clerk of

22   the Court's ruling.  If counsel does not intend to oppose an ex parte application, he

23   or she must inform the Courtroom Deputy Clerk at (213) 894-8266.

24   **11.    TROs and Injunctions**.  Parties seeking emergency or provisional

25   relief shall comply with Rule 65 and Local Rule 65.  The Court will not rule on

26   any application for such relief for at least twenty-four hours after the party subject

27

28                                          9

1  to the requested order has been served, unless service is excused.  Such party may

2  file opposing or responding papers in the interim.

3     **12.    Continuances**.  This Court has a strong interest in keeping scheduled

4  dates certain.  Changes in dates are disfavored.  Trial dates set by the Court are

5  firm and will rarely be changed.  Therefore, a stipulation to continue the date of

6  any matter before this Court **must** be supported by a sufficient basis that

7  demonstrates good cause why the change in the date is essential.  Without such

8  compelling factual support, stipulations continuing dates set by this Court will not

9  be approved.  Counsel requesting a continuance must lodge a proposed stipulation

10  and order including a **detailed** declaration of the grounds for the requested

11  continuance or extension of time.  Failure to comply with the Local Rules and this

12  Order will result in rejection of the request without further notice to the parties.

13  Proposed stipulations extending scheduling dates do not become effective unless

14  and until this Court so orders.  Counsel wishing to know whether a stipulation has

15  been signed shall comply with the applicable Local Rule.

16     **13.    Communications with Chambers**.  Counsel shall not attempt to

17  contact the Court or its staff by telephone or by any other ex parte means.  Counsel

18  may contact the Courtroom Deputy Clerk with appropriate inquiries only.

19  Counsel shall not contact the Courtroom Deputy regarding status of ex parte

20  application/ruling or stipulation/ruling.  If counsel desires a conformed copy of

21  any proposed order submitted to the Court, counsel shall provide an extra copy of

22  the document, along with a self-addressed, stamped envelope.  Counsel should list

23  their facsimile transmission numbers along with their telephone numbers on all

24  papers to facilitate communication with the Courtroom Deputy.

25     **14.    Order Setting Scheduling Conference**.  Pursuant to

26  Fed. R. Civ. P.16(b), the Court will issue an Order setting a Scheduling

27

28                                      10

1  Conference as required by Fed. R. Civ. P. 26 and the Local Rules of this Court.

2  Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

3       **15.    Notice of this Order.**  Counsel for plaintiff or plaintiff (if appearing

4  on his or her own behalf) shall immediately serve this Order on all parties,

5  including any new parties to the action.  If this case came to the Court by a

6  Petition for Removal, the removing defendant(s) shall serve this Order on all other

7  parties.

8  DATED:    June 15, 2007

9

10

11                              Otis D. Wright II
                                United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Rev. 4/07                         11