


**SEND**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARAJUKU LOVERS, LLC,<br><br>Plaintiff(s),<br><br>vs.<br><br>FOREVER 21, INC., et al.,<br><br>Defendant(s). | Case No. CV 07-3881 ODW(SSx)<br><br>**SCHEDULING AND CASE MANAGEMENT ORDER**<br><br>**FOR CASES ASSIGNED TO JUDGE OTIS D. WRIGHT, II** |

This Order is to advise the parties and counsel of the schedule that will govern this case. **SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES.** The dates set forth on the last page were determined after review of the parties' Joint Scheduling Conference Report filed on April 5, 2007. The Court has implemented the parties' suggested dates with only minor adjustments to better fit the Court's calendar. As such, the Court deems a Scheduling Conference unnecessary. The dates and requirements set forth in this Order are firm. The Court is unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a concrete showing.



**IT IS HEREBY ORDERED:**

1. To secure the just, speedy and inexpensive determination of every action, all counsel are ordered to familiarize themselves with and follow the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. This Court follows these rules and they will govern this litigation.

2. Because this Order in some respects modifies or adds to the Local Rules, counsel are advised to read it carefully. Counsel are advised to pay particular attention to the requirements of the Court with respect to the filing of motions for summary judgment and documents to be submitted at the Final Pretrial Conference and Trial.

3. The attorney attending any proceeding before this court must be an attorney who is thoroughly knowledgeable about the case, responsible for the conduct of the litigation, and who has authority to enter into stipulations and to make admissions regarding all matters that the participants reasonably anticipate may be discussed. Lead counsel who will actually try the case must attend the Pretrial Conference. A party who is not represented must attend all proceedings in person.

4. **Courtesy Copies**: It is NOT necessary for parties to file courtesy copies in civil cases unless the filing is time sensitive (i.e. ex parte applications, temporary restraining orders, etc.). If a courtesy copy is delivered, it should be placed in the drop-box outside chambers. <u>All original filings are to be filed at the filing window (Clerk's Office, Room G-19), NOT in chambers and NOT in the courtroom.</u>

5. **Discovery Cut-Off**: All discovery shall be completed by the discovery cut-off date specified on the last page of this Order. **THIS IS NOT THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY IS TO BE COMPLETED.**

Any motion challenging the adequacy of responses to discovery must be heard sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

In an effort to provide further guidance to the parties, the Court notes the following:

a. **Depositions**: All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date.

b. **Written Discovery**: All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

c. **Discovery Motions**: Whenever possible, the Court expects the parties to resolve discovery issues among themselves in a courteous, reasonable and professional manner. The Magistrate Judge assigned to this case will rule on discovery motions. (The Magistrate Judge's initials follow the district judge's initials next to the case number on the first page of this Order.) Counsel are directed to contact the Magistrate Judge's courtroom deputy clerk to schedule discovery matters for hearing. Counsel should not deliver courtesy copies of these discovery documents to this court.

d. **Expert Discovery**: If expert witnesses are to be called at trial, the parties shall designate affirmative experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B) not later than eight weeks prior to the discovery cut-off date. Rebuttal expert witnesses shall be designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B) not later than five weeks prior to the discovery cut-off date. Failure to timely comply with deadlines may result in the expert being excluded at trial as a witness.

6. **Motions and Motion Cut-Off Date**

a. **General Provisions**: All law and motion matters, except for motions in limine, must be set for hearing (not filing) by the motion cut-off date specified on the last page of this Order.

This Court hears motions on Mondays, beginning at 1:30 p.m.

1    The parties must adhere to the requirements of the Local Rules. *See* Local Rules 7-1 et seq. If any party does not oppose a motion, that party shall submit a written statement that it does not oppose the motion in accordance with Local Rule 7-9. The parties should note that failure to meet the time limits for filing an opposition set forth in Local Rule 7-9 shall be deemed consent to the granting of the motion. *See* Local Rule 7-12.

The title page of all motions must state the Pre-Trial Conference date and the Trial date. Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."

Issues left undetermined after the passage of the motion cut-off date should be listed as issues for trial in the Final Pre-Trial Conference Order. As an exception to the above, motions in limine dealing with evidentiary matters may be heard pursuant to the schedule specified on the last page of this Order.

Ex parte practice is discouraged. *See Mission Power Eng'g v Co. vs . Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). The Court will require strict adherence to proper ex parte procedures for any ex parte application filed with the Court. *Id.* at 492; *see also* Judge Wright's Standing Order and Local Rule 7-19.

     b.    **Applications and Stipulations to Extend Time**: Applications to extend the time to file any required document or to continue any hearing, Pre-Trial Conference or Trial date must set forth the following:

        (i) the existing due date or hearing date, as well as the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

        (ii) specific, concrete reasons supporting good cause for granting the extension; and

        (iii) whether there have been prior requests for extensions, and whether these requests were granted or denied by the Court.

  c. **Joinder of Parties and Amendment of Pleadings**: The deadline for joining parties and amending pleadings is ninety days after the date of this Order. Any motions to join other parties or for leave to amend the pleadings shall be filed within sixty days of the date of this Order so that they can be heard and decided prior to the deadline.

  In addition to the requirements of Local Rule 15-1, all motions to amend the pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) state the page, line number(s), and wording of any proposed change or addition of material.

  The parties shall deliver to Chambers a redlined version of the proposed amended pleading indicating all additions and deletions of material.

  d. **Summary Judgment Motions**: Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. However, the court expects that the party moving for summary judgment will provide more than the minimum twenty-one (21) day notice for motions. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the court in absorbing the mass of facts (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rule 56-1 through 56-4. The Court will also require adherence to the following requirements:

  (i) <u>Statement of Uncontroverted Facts and Statement of Genuine Issues of Material Fact</u>:

  The Separate Statement of Uncontroverted Facts is to be prepared in a two column format. The left-hand column should set forth the allegedly undisputed fact. The right-hand column should set forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's Statement of Genuine Issues of Material Fact must be in two columns and track the movant's Separate Statement exactly as prepared. The document must be in two columns; the left-hand column must restate the allegedly undisputed fact, and the right-hand column must indicate either undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed. Where the opposing party is disputing the fact in whole or part, the opposing party must, in the right-hand column, label and restate the moving party's evidence in the support of the fact, followed by the opposing party's evidence controverting the fact. Where the opposing party is disputing the fact on the basis of an evidentiary objection, the party must cite the evidence alleged to be objectionable and state the ground of the objection and nothing more. **No argument should be set forth in this document.**

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's Separate Statement. These additional facts shall follow the movant's facts, shall continue in sequentially numbered paragraphs (i.e. if movant's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set forth in the right-hand column the evidence that supports that statement.

The moving party, in its reply, shall respond to the additional facts in the same manner and format that the opposing party is required to adhere to in responding to the Statement of Uncontroverted Facts, as described above.

   (ii) <u>Supporting Evidence</u>. No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcripts of depositions and/or entire sets of interrogatory responses should generally not be submitted in support of or in opposition to a motion for summary judgment.

Evidence submitted in support of or in opposition to a motion for summary judgment should be submitted either by way of stipulation or as exhibits to a declaration sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. The Court will accept counsel's authentication of deposition transcripts, written discovery responses, and the <u>receipt</u> of documents in discovery <u>if the fact that the document was in the opponent's possession is of independent significance</u>. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

All evidence in support of or in opposition to a motion for summary judgment, including declarations and exhibits to declarations, shall be separated by a tab divider on the bottom of the page. If evidence in support of or in opposition to a motion for summary judgment exceeds twenty pages, the evidence must be in a separately bound volume and include a Table of Contents. If the supporting evidence exceeds fifty pages, the documents shall be placed in a Slant D-Ring binder with each item of evidence separated by a tab divider on the right side. All documents contained in the binder should be three-hole-punched.

(iii) <u>Objections to Evidence.</u> If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection, as indicated above, should be stated in the Separate Statement, but not argued in that document. Evidentiary objections should be addressed in a separate memorandum to be filed with the opposition or reply brief of the party. This memorandum should be organized **to track the paragraph numbers of the Separate Statement in sequence**. It should identify the specific item of evidence to which objection is made, the ground for the objection, and a very brief argument with citation to authority as to why the objection is well taken. The following is an example of the format contemplated by the Court:

<u>Separate Statement Paragraph 1</u>: Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable. To the extent it is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue. Fed. R. Evid. 801, 802.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPONENT'S STATEMENTS OF UNDISPUTED FACT. THESE WILL BE DISREGARDED AND OVERRULED.**

        (iv)   <u>The Memorandum of Points and Authorities</u>.

The movant's memorandum of points and authorities should be in the usual form required under Local Rule 7 and should contain a narrative statement of facts as to those aspects of the case that are before the Court. All facts should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion.

Unless the case involves some unusual twist, the motion need only contain a brief statement of the Fed. R. Civ. P. 56 standard; the Court is familiar with the Rule and with its interpretation under *Celotex* and its progeny. If at all possible, the argument should be organized to focus on the pertinent elements of the claim(s) for relief or defense(s) in issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by Local Rule 7. Where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the Separate Statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is contravened by an additional fact in the Statement of Genuine Issues of Material Fact, the citation should be to such fact by paragraph number.

        (v)   <u>Proposed Statement of Decision</u>. Each party shall file and serve a Proposed Statement of Decision, which shall contain a statement of the relevant

facts and applicable law with citations to case law and the record. The Proposed Statement of Decision shall not exceed five pages and shall be in a form that would be appropriate for the Court to enter as its final order on the motion.

        (vi) <u>Timing</u>. In virtually every case, the Court expects that the moving party will provide more than the minimum twenty-one day notice for such motions. **[<u>NOTE</u>: Parties need not wait until the motion cut-off to bring motions for summary judgment or partial summary judgment. Early completion of non-expert discovery and filing of motions for summary judgment may eliminate or reduce the need for expensive expert depositions that are normally conducted in the last stages of discovery.]**

    e.  **<u>Avoid Composite Motions</u>**. Unless clearly justified under the circumstances of the case, "motions to dismiss or in the alternative for summary adjudication" are discouraged. These composite motions tend to blur the distinctions between the two motions.

    f.  **<u>Motions in Limine</u>**. Before filing any motion in limine, counsel for the parties shall confer pursuant to Local Rule 7-3 in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. The motion papers must include a declaration showing a good faith meet and confer effort. The conference shall take place in person within ten calendar days of service upon opposing counsel of a letter requesting such a conference, but in no event later than twenty-one days before the Pre-Trial Conference. If both counsel are not located in the same county in the Central District, the conference may take place by telephone.

If counsel are unable to resolve their differences, they shall prepare a separate, sequentially numbered Joint Motion in Limine for each issue in dispute which contains a clear caption which identifies the moving party and the nature of the dispute (i.e., "Plaintiff's Motion in Limine #1 to exclude the testimony of Defendant's expert"). Each

1  Joint Motion in Limine shall consist of one document signed by all counsel. The Joint
2  Motion in Limine shall contain a clear identification of the testimony, exhibits, or other
3  specific matters alleged to be inadmissible and/or prejudicial and a statement of the
4  specific prejudice that will be suffered by the moving party if the motion is not granted.
5  The identification of the matters in dispute shall be followed by each party's contentions
6  and each party's memorandum of points and authorities. The title page of the Joint
7  Motion in Limine must state the Pre-Trial Conference date, hearing date for the motions
8  in limine, and the trial date.

9  Joint Motions in Limine made for the purpose of precluding the mention or display of inadmissible and/or prejudicial matter in the presence of the jury shall be accompanied by a declaration that includes the following: (1) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (3) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

Unless ordered by the Court, no supplemental or separate memorandum of points and authorities shall be filed by either party in connection with any motion in limine.

All evidence in support of or in opposition to a motion in limine, including declarations and exhibits to declarations, shall be separated by a tab divider on the bottom of the page. If evidence in support of or in opposition to a motion in limine exceeds twenty pages, the evidence must be in a separately bound volume and include a Table of Contents. If the supporting evidence exceeds fifty pages, the documents shall be placed in a Slant D-Ring binder with each item of evidence separated by a tab divider on the right side. All documents contained in the binder should be three-hole-punched.

The Court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel: (a) failed to confer in a timely manner; (b) failed to provide the opposing party's portion of the joint motion in a timely manner; or (c) refused to sign and return the joint motion after the opposing party's portion was added.

Unless otherwise ordered by the Court, motions in limine will be heard on the date specified on the last page of this Order. Unless the Court in its discretion otherwise allows, no motions in limine shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party. The moving party shall serve its portion of the Joint Motion in Limine on the responding party fourteen (14) days prior to the date for filing of motions in limine indicated in the Schedule of Trial and Pre-trial Dates. The responding party shall then serve the opposition portion of the Joint Motion in Limine on the moving party seven (7) days prior to the date for the filing of motions in limine. The moving party shall incorporate the responding party's portion into the Joint Motion in Limine, add its arguments in reply, and file and serve the Joint Motion in Limine. Neither party's portions of a Joint Motion in Limine shall exceed eight (8) pages.

The failure of any counsel to comply with or cooperate in the foregoing procedures will result in the imposition of sanctions, including a resolution of the issue against the party refusing to cooperate.

7. **Final Pre-Trial Conference and Local Rule 16 Filings**

   a. **General Provisions**. The Final Pre-Trial Conference ("PTC") will be held on the date specified on the last page of this Order, unless the Court expressly waived the PTC at the Scheduling Conference. (In the rare cases where the Court waives a PTC, the parties must follow Local Rule 16-10.) If adjustments in the Court's calendar to accommodate congestion become necessary, the Court may re-schedule the PTC instead of the trial date. Therefore, the parties should assume that if the PTC goes

forward, the trial will go forward without continuance, although some brief period of trailing may prove necessary.

The lead trial attorney on behalf of each party shall attend both the PTC and all meetings of the parties in preparation for the PTC, unless excused for good cause shown in advance of the PTC.

A continuance of the PTC at the parties' request or by stipulation is <u>highly unlikely</u>. **Specifically, failure to complete discovery is not a ground for continuance.** In the unlikely event that the Court agrees to continue the PTC, the trial date is likely to be delayed as a result. If a change to the trial date is necessitated or likely because of the Court's calendar or otherwise, modifications of that date will be discussed at the PTC.

At the PTC, the parties should be prepared to discuss means of streamlining the trial, including, but not limited to the following: bifurcation; presentation of foundational and non-critical testimony and direct testimony by deposition excerpts; narrative summaries and/or stipulations as to the content of testimony; presentation of testimony on direct examination by affidavit or by declaration subject to cross-examination; and qualification of experts by admitted resumes. The Court will also discuss settlement.

      b.    **Form of the Final Pre-Trial Conference Order ("PTCO").**

The proposed PTCO shall be lodged by the date specified on the last page of this Order. Adherence to this time requirement is necessary for in-chambers preparation of the matter. The form of the proposed PTCO shall comply with Appendix A to the Local Rules and Judge Wright's Order for Civil Trial.

      c.    **Rule 16 Filings; Memoranda; Witness Lists; Exhibit Lists.**

The parties must comply fully with the requirements of Local Rule 16 and Judge Wright's Order for Civil Trial. They shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), along with

their respective Witness Lists and Exhibit Lists, all in accordance with Local Rules 16-3, 16-4, and 16-5. See the last page of this Order for applicable dates.

### d. Joint Statement of the Case and Requests for Voir Dire

At the PTC, the parties shall file their proposed voir dire questions and their joint statement of the case which the Court shall read to all prospective jurors prior to the commencement of voir dire. The statement should not be longer than two or three paragraphs.

The Court conducts voir dire of all prospective jurors. The parties need not submit requests for standard voir dire questions such as education, current occupations, marital status, prior jury service, etc., but should include only proposed questions specifically tailored to the parties and issues of the case.

## 8. SETTLEMENT

This court will not conduct settlement conferences in non-jury cases unless counsel for all parties and their respective clients agree either in writing or on the record. In jury cases, the Court will conduct a settlement conference at the parties' joint request if three conditions exist:

(a) The parties are satisfied that the fact issues in the case will be tried by a jury;

(b) All significant pre-trial rulings which the Court must make have been made; and

(c) The parties desire the Court to conduct the conference, understanding that if settlement fails, the Court will preside over trial of the case.

The parties must file a Status Report regarding settlement at the time they lodge the Proposed Final Pre-Trial Conference Order. This Report shall not disclose the parties' settlement positions, i.e. the terms of any offers or demands. It shall merely describe the efforts made by the parties to resolve the dispute informally, i.e. the occasions and dates when the parties participated in mediation or settlement conferences. The Status report shall also include the name and phone number of the Settlement Officer who assisted the parties with their settlement conference.

**Caveat:** If counsel fail to file the required Pre-Trial documents or fail to appear at the Pre-Trial Conference and such failure is not otherwise satisfactorily explained to the Court: (a) the cause shall stand dismissed for failure to prosecute if such failure occurs on the part of the plaintiff; (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.

Dated: September 19, 2007

_____
OTIS D. WRIGHT II
United States District Judge

Revised: 5/07

# U.S. District Judge Otis D. Wright II
# Schedule of Trial and Pretrial Dates

| CASE NO.: | CV | 07-03881 | |
|---|---|---|---|

**PARTIES:**  Harajuku Lovers LLC
-v-
Forever 21, Inc.

**COMPLAINT FILED:**  06/14/07

| TRIAL TYPE: | jury |
|---|---|

SETTLEMENT CHOICE:
Court/Magistrate
Attorney Settlement Panel
Outside ADR
Judicial Settlement Panel

| DATE | MATTER |
|---|---|
| 10/28/08 | Jury Trial at 9:00 a m. |
| 10/23/08 | File Final Trial Exhibit Stipulation |
| 10/20/08 | Hearing on Motions in Limine at 4:00 p.m.<br>Hearing on Disputed Jury Instructions at 4:00 p.m. |
| 09/29/08 | Final Pretrial Conference at 3:30 p.m.<br>Motions in Limine to be Filed<br>Proposed Voir Dire Questions & Agreed-to Statement of Case |
| 09/15/08 | Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation<br>File Contentions of Fact & Law<br>Exhibit & Witness Lists<br>File Status Report Regarding Settlement<br>File Agreed Upon Set of Instructions & Verdict Forms<br>File Joint Statement Regarding Disputed Instructions, Verdicts, etc... |
| 09/01/08 | Last Date to Conduct Settlement Conference |
| 09/08/08 | Last Day for Hearing Motions |
| 08/11/08 | Discovery Cut-Off |
| 12/17/07 | Last Date to Amend Pleadings or Add Parties |