MANATT, PHELPS & PHILLIPS, LLP
JILL M. PIETRINI (Bar No. CA 138335)
   e-mail:  jpietrini@manatt.com
BARRY E. MALLEN (Bar No. CA 120005)
   e-mail:  bmallen@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

*Attorneys for Plaintiff and Counter-Defendant*
HARAJUKU LOVERS, LLC

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HARAJUKU LOVERS, LLC, a California limited liability company,<br><br>Plaintiff and Counterdefendant,<br><br>vs.<br><br>FOREVER 21, INC., a Delaware corporation, and FOREVER 21 RETAIL INC., a California corporation, and DOES 1 to 10,<br><br>Defendants and Counterclaimants.<br><br>AND RELATED COUNTERCLAIM. | Case No.  CV07-3881 ODW (SSx)<br><br>**STIPULATED JUDGMENT** |

    IT IS HEREBY STIPULATED by and between plaintiff and counterclaim-defendant Harajuku Lovers, LLC ("Plaintiff") and defendants and counterclaimants Forever 21, Inc. and Forever 21 Retail Inc. (collectively "Defendants") that judgment shall be entered as follows:

    On June 14, 2007, Plaintiff filed its complaint in this action against Defendants.  On August 10, 2007, Defendants filed their answer and counterclaim against

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

\\\LA - 079999/000620 - 415870 v1

Plaintiff.

In its complaint, Plaintiff sought damages and injunctive relief against Defendants for trademark infringement, false designation of origin, dilution, and unfair competition relating to Defendants' use in commerce of designs that were confusingly similar to Plaintiff's trademarks. Plaintiff's asserted trademarks in this action are its heart and box design and variations of the same, which include hearts and Chinese characters shown below (collectively, the "Harajuku Lovers Trademarks"):



Plaintiff uses the Harajuku Lovers Trademarks on labels and hangtags affixed to its clothing and on fabric. Examples of Plaintiff's use of these trademarks are shown below:





1  Defendants alleged in their counterclaim that Harajuku Lovers' trademarks
2  are invalid and/or that Defendants' designs do not infringe any of Harajuku Lovers
3  Trademarks.

4  Defendants represent and warrant that they only applied the accused designs
5  ("the Accused Designs") to one shirt, made in two colors, bearing Item No.
6  37042747, shown in Exhibit A hereto ("the Accused Products").

7  This Court has jurisdiction over the subject matter of this case pursuant to
8  28 U.S.C. §§ 1331, 1332(a), and 1338, and 15 U.S.C. § 1121.

9  The Court enters the judgment as follows:

10  1.  <u>Injunction Not To Use the Harajuku Lovers Trademarks, and/or</u>
11  <u>Reproductions, Counterfeits, Copies, Or Colorable Imitations Thereof that are</u>
12  <u>Likely to Cause Confusion, or to Cause Mistake, or to Deceive</u>.  Defendants, their
13  subsidiaries, parent companies, officers, affiliated companies, agents, servants,
14  directors, employees, partners, representatives, assigns, successors, related
15  companies, and the vendor that supplied the Accused Products, O&K, Inc., dba
16  One Clothing, and all persons in active concert and participation with them, are
17  hereby permanently restrained and enjoined from any of the following:

18  (a)  Manufacturing, transporting, promoting, importing,
19  advertising, publicizing, distributing, offering for sale, licensing or selling the
20  Accused Products or any goods or services bearing or offered under the Harajuku
21  Lovers Trademarks, the Accused Designs, or any other trademark, name, design or
22  logo that is a reproduction, counterfeit, copy, or colorable imitation of, or
23  incorporates the Harajuku Lovers Trademarks or the Accused Designs that is
24  likely to cause confusion, or to cause mistake, or to deceive, including but not
25  limited to, any trademark, name, design, or logo that includes the word
26  "Harajuku";

27  (b)  Manufacturing, transporting, promoting, importing,
28  advertising, publicizing, distributing, offering for sale, licensing or selling the

    Accused Products or any goods or services bearing or offered under the Harajuku Lovers Trademarks, the Accused Designs, or any other trademark, name, design or logo that is likely to cause confusion, or to cause mistake, or to deceive persons into the erroneous belief that any goods that Defendants caused to enter the stream of commerce are sponsored or endorsed by Plaintiff, are authorized by Plaintiff, or are connected in any way with Plaintiff or the Harajuku Lovers Trademarks, including but not limited to, any trademark, name, design, or logo that includes the word "Harajuku";

    (c)    Seeking to register the Harajuku Lovers Trademarks or the Accused Designs, in any format, that is likely to cause confusion, or to deceive, or to cause mistake, including but not limited to, any trademark, name, design, or logo that includes the word "Harajuku";

    (d)    Using any trademarks, names, designs, or logos that are likely to cause dilution by blurring or dilution by tarnishment of the Harajuku Lovers Trademarks.  This provision shall not preclude Plaintiff from having to prove, by a preponderance of the evidence, that the Harajuku Lovers Trademarks are famous within the meaning of 15 U.S.C. §1125(c);

    (e)    Representing, suggesting, or claiming that Defendants or their products or services are in any way sponsored by, affiliated with, or endorsed or licensed by Plaintiff;

    (f)    Knowingly assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 1(a) to (e) above.

    (g)    Nothing in this Judgment shall expressly preclude or expressly permit Defendants from using "Harajuku" alone to identify or refer to the location of its retail store located in the Harajuku District of Tokyo, Japan, if true, and from using "Harajuku" alone on apparel only sold in Defendants' retail stores located in Tokyo, Japan, provided that Defendants continue to maintain a

retail store in the Harajuku District of Tokyo, Japan.

(h) Subject to the terms of this Judgment, Defendants shall not necessarily be precluded from marketing garments bearing the term "Love" overlaying a heart design, or Asian characters overlaying a heart design, except as may be likely to cause confusion or to cause mistake with, or to deceive as to, Plaintiff's Harajuku Lovers Trademarks, or any of them. Plaintiff is free to argue that any such combination of the term "Love" overlaying a heart design or of Asian characters overlaying a heart design is a violation of the Judgment.

2. <u>Remaining Inventory</u>. Defendants shall deliver to Plaintiff all of the remaining products featuring the Accused Designs, who shall destroy the remaining inventory or donate it, at Plaintiff's sole discretion.

3. <u>No Challenge to the Validity of the Harajuku Lovers Trademarks</u>. Defendants shall never challenge Plaintiff's rights, title, and interest in, or the validity, ownership, or use by Plaintiff of the Harajuku Lovers Trademarks or any trademarks, names, designs, or logos owned by Plaintiff that are confusingly similar to, or colorable imitations of, the Harajuku Lovers Trademarks in any form. Defendants shall never oppose any application to register the Harajuku Lovers Trademarks or any trademarks, names, designs or logos owned by Plaintiff that are confusingly similar to, or colorable imitations of, the Harajuku Lovers Trademarks and shall never seek to cancel any registrations of the Harajuku Lovers Trademarks or any trademarks, names, designs, or logos that are confusingly similar to, or colorable imitations of, the Harajuku Lovers Trademarks.

4. <u>Costs and Expenses</u>. The parties shall bear their own costs and fees incurred in this case

5. <u>Violation of Judgment</u>. In the event that any part of this Judgment is violated by Defendants, their officers, agents, servants, employees, partners, representatives, and all persons in active concert and participation with

Defendants that receive actual notice of this Judgment, Plaintiff may, on its own behalf with proper notice, file a motion for contempt seeking damages, attorneys' fees and/or all other appropriate relief.  The prevailing party on such a motion shall be entitled to recover all of its reasonable attorneys' fees, reasonable expert witness fees, and costs, incurred in connection with such motion.

6. <u>Remedies for Violation</u>.  In addition to, and without waiving, any other remedies available to Plaintiff, if a violation of the Judgment is found, Defendants shall be entitled to the remedies set forth in Paragraph 9 of the settlement agreement.

7. <u>No Admission of Liability</u>.  By entering this Judgment, Defendants do not admit liability for or validity of any of Plaintiff's claims, and expressly deny all of Plaintiff's claims and this Judgment shall not be interpreted as any determination of unlawful conduct by Defendants.

8. <u>Substantial Compliance Shall Not be A Defense</u>.  Substantial compliance with the terms of this Judgment shall not be a defense by Defendants.

9. <u>Binding Effect</u>.  This Judgment shall be binding upon and inure to the benefit of the parties hereto and all successors and assigns, parent companies, officers, directors, shareholders, agents, affiliates, and all entities which are "related companies" within the meaning of 15 U.S.C. § 1055, and on all persons that receive actual notice of it by personal service or otherwise.

10. <u>Continuing Jurisdiction</u>.  Notwithstanding any other provision herein, this Court shall retain jurisdiction to enforce this Judgment and the settlement agreement entered into by the parties.

11. <u>Extraterritorial Effect</u>.  This Judgment shall be enforceable against Defendants for any acts that violate this Judgment that occur inside and outside of the U.S.

12. <u>Dismissal of Counterclaims</u>.  Defendants' counterclaims are dismissed with prejudice.

\\\LA - 079999/000620 - 415870 v1

1         13.   <u>Final Judgment</u>. This judgment shall be a final adjudication of all claims alleged by Plaintiff and Defendants and shall not be appealable.

IT IS SO ORDERED:

Dated: December 31, 2008

_____
UNITED STATES DISTRICT JUDGE

7

*Approved as to form and content:*

HARAJUKU LOVERS, LLC


By:_____     Date: _____
Name:_____
Title:_____


FOREVER 21, INC.


By:_____     Date: _____
Name:_____
Title:_____


FOREVER 21 RETAIL, INC.


By:_____     Date: _____
Name:_____
Title:_____


MANATT, PHELPS & PHILLIPS, LLP


By:_____     Date: _____
   Jill M. Pietrini
   *Attorneys for Plaintiff and*
    *Counterdefendant*
   Harajuku Lovers, LLC

STETINA BRUNDA GARRED & BRUCKER


By:_____     Date: _____
   Bruce B. Brunda
   *Attorneys for Defendants and*
    *Counterclaimants*
   Forever 21, Inc. and
   Forever 21 Retail, Inc.

\\\LA - 079999/000620 - 415870 v1